United States District Court
Southern District of Texas
**ENTERED**
February 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ISABEL VALENTINA SILLET ARMAS, § <br> A# 220-360-947 § <br> § <br> Petitioner, § <br> § <br> VS. § <br> § <br> WARDEN RANDALL TATE, Montgomery § <br> Processing Center, *et al.* § <br> § <br> Respondents. § | CIVIL ACTION NO. 4:26-0001 |

## MEMORANDUM OPINION AND ORDER
## GRANTING WRIT OF HABEAS CORPUS

Petitioner Isabel Valentina Sillet Armas is detained in the custody of officials with the United States Department of Homeland Security Immigration and Customs Enforcement (ICE) at the Montgomery Processing Center. Through counsel, the petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1).

The petition and supporting documents state that the petitioner is a national and citizen of Venezuela; that she entered the United States in 2021 and was released on her own recognizance; that she recently was detained by immigration authorities with no apparent violation of the conditions of her release; that she is set for a master hearing before an immigration judge on February 12, 2026; and that immigration authorities claim that she is subject to mandatory detention under 8 U.S.C. § 1225(b). She argues that 8 U.S.C. § 1225(b) does not authorize her detention and that she is eligible for a bond hearing. She

seeks immediate release from custody or a bond hearing under 8 U.S.C. § 1226(a) within seven days, among other relief.

On January 13, 2026, the Court entered an order for an expedited answer (Dkt. 4). The Court also entered an order to show cause (Dkt. 5) why the petitioner should not be immediately released from custody or, in the alternative, be granted a bond hearing before an immigration judge under 8 U.S.C. § 1226(a) within seven days.

On January 19, 2026, the federal respondents filed a motion to dismiss the petition or, in the alternative, for summary judgment (Dkt. 7). The respondents argue that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). They do not contest the material facts recited by the petitioner and assert no other basis for the petitioner's detention.

Having considered the parties' briefing and all matters of record, the Court determines that the petitioner, who had been present in the United States for over four years when detained, is not subject to mandatory detention under 8 U.S.C. § 1225(b). *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025); *Behnam Goorakani v. Lyons*, No. 25-CV-9456, 2025 WL 3632896 (S.D.N.Y. Dec. 15, 2025); *Cruz Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *2 (S.D. Tex. Oct. 7, 2025). The Court further determines that the exhaustion doctrine does not bar judicial review. *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680-81 (W.D. Tex. 2025) (exhaustion is not required because requiring the petitioner to wait indefinitely for an

agency appeal would exacerbate his alleged constitutional injury); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496 (S.D.N.Y. 2025) (exhaustion is not statutorily required and was excused given that available remedies provided no genuine opportunity for adequate relief and the petitioner raised a substantial constitutional question); *Buenrostro-Mendez*, 2025 WL 2886346, at *3 (exhaustion was not statutorily required under the circumstances and the issue of statutory interpretation belongs in the province of the courts). Because the respondents do not argue that 8 U.S.C. § 1226(a) applies, the Court does not consider § 1226(a) as a basis for the petitioner's detention.[1]

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The remedy for unlawful detention "is, of course, release." *Id.*; *see Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (based on statutory language of 28 U.S.C. § 2241(c)(3) and the common-law history of the writ, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody"); *see also Ahmed* 2026 WL 25627, at *3 (collecting recent cases). After reviewing the authorities and all matters of

---

[1] *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025) ("Since there is no indication or present assertion that Petitioner is subject to detention under section 1226, the Court sees no reason to consider that basis"); *Luna v. Warden*, No. EP-25-CV-00565-DCG, 2025 WL 3787494, at *11 (W.D. Tex. Dec. 29, 2025) ("The Court will not consider whether Petitioner's detention is lawful under authorities for which Respondents themselves have not advocated"); *Pineda v. Noem*, No. SA-25-CA-01518-XR, 2025 WL 3471418, at *6 (W.D. Tex. Dec. 2, 2025). In any event, § 1226(a) has specific requirements, including issuance of a warrant. *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Chogllo Chafla v. Scott*, No. 2:25-CV-00437-SDN, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025). The respondents have not asserted that the requirements of § 1226(a) were satisfied in this case.

record, the Court determines that release is the appropriate habeas relief for the unlawful detention in this case.

The Court therefore **ORDERS** as follows:

1. The respondents' motion to dismiss and for summary judgment (Dkt. 7) is **DENIED**.

2. The petitioner's petition for habeas relief (Dkt. 1) is **GRANTED**. The respondents are **ORDERED** to release the petitioner from custody **within 48 hours of this order** to a public location.

3. The respondents are further **ORDERED** to inform the petitioner and petitioner's counsel of the time and location of release **at least two hours before the release**.

4. The respondents are further **ORDERED** to file a status report updating the Court **within five days** of this order.

5. The Court previously ordered that the respondents notify the Court and petitioner's counsel of any anticipated or planned transfer of the petitioner outside of the Southern District of Texas at least five (5) days before any such transfer. This order **REMAINS IN PLACE**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____February 2_____, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE